## EFFECT OF DEMURRER FOR DEFECT OF PARTIES DEFENDANT.

Circuit Court of Cuyahoga County.

MYERS HELLER AND MOSES MAYERS V. HARRY GREENBERG.

Decided, May 27, 1907.

*Pleading and Practice—Parties Defendant—Substitution of, Not Cause for Demurrer After Pleading to Merits.*

Where the original defendant is dismissed from a case and another substituted, who answers to its merits, he can not afterwards raise the question as to whether he was properly brought into the case, by demurring to the second amended petition on the ground that there was a defect of parties defendant, when the petition states a cause of action.

*Benesch & Kornhauser* and *E. S. Brudno,* for plaintiff in error. *Myler & Turney,* contra.

HENRY, J.; MARVIN, J., concurs:

The petition in error prays a reversal of a judgment upon the pleadings rendered against the plaintiffs below. The original action was begun February 9, 1905, under the title of Myers Heller and Moses Mayers, as plaintiffs, vs. Jennie Greenberg, defendant, and prayed for the specific performance of a contract for the sale of real estate made by A. Greenberg, alleged to have been acting for and on behalf of the said Jennie Greenberg.

February 17, 1905, an amended petition was filed, under the title of Myers Heller and Moses Mayers, plaintiffs, vs. Harry Greenberg, defendant, thus changing the title of the cause, in violation of the requirement of Section 4972, Revised Statutes, that "the title of a cause shall not be changed in any of its stages except when the defendant prosecutes error." This irregularity, however, seems to have been ignored. No leave of court had been obtained to make Harry Greenberg a new substituted party defendant, but on May 31, 1906, he answered to the merits, thus waiving this irregularity also.

On November 8, 1906, Emma Seidman, Sarah Hammer and Henrietta Greenberg were made new parties defendant, and were subsequently served with summons. Thereafter, various interlocutory proceedings were had, culminating finally in the filing of a second amended petition against Harry Greenberg alone, and an entry of dismissal as to all other parties defendant. Upon the same day Harry Greenberg filed his demurrer in the following words (omitting caption and signature): "Come now the defendant, Harry Greenberg, and demurs to the second amended petition of the plaintiffs herein filed, on the following ground, to-wit: defect of parties defendant."

On April 25, 1907, this demurrer was sustained, and on April 29. judgment on the pleadings rendered for the defendant, as already stated.

The various changes of defendants in this action seem to have been due to uncertainty on the part of the plaintiffs as to the person or persons on behalf of whom, as owners of the property "A. Greenberg, trustee" was acting when he signed the contract in question.

The second amended petition alleges that on the date of said contract, Harry Greenberg was the owner in fee simple of the real estate described therein, and that he, "by his agent, A. Greenberg, entered into an agreement in writing with said plaintiffs, whereby in consideration of the sum of nine thousand dollars ($9,000) to be paid to him by the plaintiffs * * * said defendant was to give said plaintiff a warranty deed" of said premises.

The petition further alleges that plaintiffs tendered the price stipulated and demanded a conveyance of the premises, but that defendant refused to make the conveyance.

There is no suggestion in this petition that any other persons than the plaintiffs, the defendant and the latter's agent, are in any way parties to this contract, or that any other persons than the principals named are necessary parties to this action; it follows, therefore, that the demurrer for "defect of parties defendant" should have been overruled.

The contention urged by the defendant, who is also defendant in error here, is that the "defect of parties defendant" complained of consists in the dropping of the original defendant for whom the present defendant is substituted. He urges that a complete substitution of parties defendant in this manner is not permissible and that although new parties defendant may be added, a defect of parties arises when the original defendant is dismissed. We think, however, that this is at most a mere irregularity, warranting in the discretion of the court a dismissal of the action, or the striking from the files the pleadings, by which the substitution was, without leave, effected, provided the objection is seasonably made. Under the ample power of amendment given by the code of civil procedure, such an irregularity may, however, be waived, by the substituted defendant pleading to the merits, as in this case was done, when the defendant, Harry Greenberg, filed his answer to the first amended petition.

As said in *Becker* v. *Walworth*, 45th Ohio St., 169, 175:

"Our practice encourages great liberality in pleading, and the code enjoins the duty of allowing amendments at all stages of a case in furtherance of justice. The commencement of the action by the filing of an original petition against defendant as executor worked no prejudice to him, and it is not easy to see why such commencement of the action should preclude amendment on the part of the plaintiff in order to charge him personally. It was no more than the discontinuing of one action and the commencement of another, and this may have been induced by the discovery that the one would prove wholly fruitless."

Also see *L. S. & M. S. Ry. Co.* v. *Elyria*, 69 O. S., 414; *McAlpine* v. *Finsterwald*, 57 Ohio St., 524, and *Hanna & Finely Co.* v. *International Petroleum Co.*, 23 Ohio St., 622.

For error in sustaining the defendant's demurrer to the second amended petition and for error in rendering judgment in his favor upon the pleadings the judgment below is reversed, and the cause remanded.